COMPRISING CHARGES TO FEDERAL GRAND JURIES, PRONOUNCEMENTS CONCERNING COSTS, FEES, ETC.,
AND OTHER MISCELLANEOUS OPINIONS FROM THE APPENDICES OF THE UNITED STATES CIRCUIT
AND DISTRICT COURT REPORTS, DELIVERED PRIOR TO 1880; CERTAIN TERRITORIAL DECISIONS
FROM HEMPSTEAD, AND OTHERS FROM HAYWARD AND HAZELTON'S REPORTS, NOT HERETOFORE
INCLUDED IN THE FEDERAL CASES; AND SEVERAL UNREPORTED CASES, RECEIVED TOO LATE FOR
ALPHABETICAL CLASSIFICATION.

# A.

## Case No. 18,223.

### ALLEN v. ALLEN.

[Hempst. 58.] [1]

Superior Court, Territory of Arkansas. April,
1828.

PLEADINGS—ANSWER AND CROSS-BILL—DIVORCE—
ALIMONY.

1. A defendant cannot file a cross-bill until
the original bill is answered.

2. Alimony will not be granted to a wife be-
fore she answers.

Appeal from Independence circuit court.

[Suit by Samuel Allen against Elizabeth
Allen for divorce. From a decree of the cir-
cuit court, plaintiff appeals.]

Before JOHNSON, ESKRIDGE, and TRIM-
BLE, JJ.

OPINION OF THE COURT. This is an
appeal from a decree of the circuit court of
Independence county, pronounced in the suit
in chancery for a divorce, in which the ap-
pellant was plaintiff, and the appellee, de-
fendant. Various reasons have been assign-
ed by the appellant for reversing the decree
of the court below. Conceiving, however,
that the first point relied upon, is decisive in
favor of the appellant, we shall confine our
remarks to that point alone. The point is,
that the circuit court erred in overruling the
demurrer.

The plaintiff below filed his bill, praying
for a divorce from bed and board, and the
bonds of matrimony. The defendant instead
of answering this bill, filed her cross-bill
praying a divorce from bed and board, and
for alimony. This was clearly irregular.
The bill should have been answered, and the
allegations therein contained contested be-
fore the cross-bill could be properly filed. 1
Har. Ch. 35; 3 Bl. Comm. 444–448. In the
case of Lewis v. Lewis, 3 Johns. Ch. 519, the
chancellor refused to grant alimony to the

wife before she answered, because it did not
appear whether she intended to defend her-
self against the charges in the bill. We feel
no difficulty in reversing the decree of the
court below. Decree reversed.

## Case No. 18,224.

### ANONYMOUS.

[Hempst. 215.] [1]

Superior Court, Territory of Arkansas. Feb.,
1833.

ABATEMENT—FORM OF PLEA—EVIDENCE.

1. Pleas in abatement, not being received
with favor, require the greatest accuracy and
precision in their form, and must be certain to
every intent, and are not amendable; they must
not be double.

2. If bad, the plaintiff need not demur, but
may treat them as nullities and sign judgment.

3. If on the whole record the judgment of the
inferior court is correct, it will not be reversed
because improper evidence was admitted.

PER CURIAM. Pleas in abatement re-
quire the greatest accuracy and precision in
their form; they must be certain to every
intent; they are never received with favor
(1 Chit. Pl. 491); they are dilatory, not reach-
ing the merits of the action, and are not
amendable; the plaintiff need not demur
thereto when bad, but may treat them as
nullities and sign judgment. 1 Tidd, Prac.
588. Tested by these rules, a plea in abate-
ment which avers the suing out a former
writ for the same cause, that it is still re-
maining in the clerk's office, that the de-
fendant was arrested on such writ and sur-
rendered to a person who represented him-
self to be deputy sheriff, that the suit is
still pending, as defendant believes, and con-
cluding with a verification, is destitute of
requisite precision and formal accuracy, and
does not tender a certain issue. What issue

[1] [Reported by Samuel H. Hempstead, Esq.]

[1] [Reported by Samuel H. Hempstead, Esq.]

is tendered? Is it the suing out of the writ; its existence in the clerk's office; the arrest or surrender of the defendant, or the fact that T. was deputy sheriff, or that he represented himself to be such; that the suit is still pending, or that the defendant believes it to be pending? Such a plea is clearly insufficient, and may be treated as a nullity. Where it appears to the appellate court that improper evidence has been admitted on the trial of an issue in the inferior court, yet if upon the whole record the judgment is right, it will be affirmed.